```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  EASTERN DIVISION


JOEY KNIGHT                                          PLAINTIFF


VS.                            CIVIL ACTION NO. 4:06CV32TSL-LRA


DAVID LITTLE, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS SUPERINTENDENT
OF LAUDERDALE COUNTY SCHOOL DISTRICT                DEFENDANTS
```

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on two motions by defendant, the first a motion to dismiss plaintiff's state law claims against him on the basis of immunity, and the second a motion for summary judgment as to all plaintiff's claims against him.  Plaintiff Joey Little has responded to the motion and the court has now considered the memoranda of authorities, together with attachments, submitted by the parties.

Plaintiff filed the present action against defendant, David Little, Superintendent of the Lauderdale County School District, charging that defendant's nonrenewal of plaintiff's contract of employment as principal of Southeast Elementary School was in retaliation for plaintiff's having run against defendant in the 2003 election for superintendent and thus constituted a violation of plaintiff's rights under the First Amendment.  In addition to his First Amendment claim, plaintiff asserted supplemental state law claims for malicious interference with employment and defamation.

In response to defendant's summary judgment motion, plaintiff has conceded that his defamation claim against defendant is barred by the applicable one-year statute of limitations, and that the claim should be dismissed. See Miss. Code Ann. § 15-1-35. He opposes the motions on all other grounds raised.

In his summary judgment motion, defendant insists that the record evidence establishes beyond dispute that plaintiff was discharged for legitimate reasons unrelated to his bid for the superintendent position and that plaintiff cannot establish any causal relationship between his running for superintendent and his discharge some two years later. See Harris v. Victoria Indep. Sch. Dist., 168 F.3d 216, 220 (5th Cir. 1999) ("To prevail on a First Amendment employment retaliation claim, an employee must establish four elements: (1) [he] suffered an adverse employment action; (2) [his] speech involved a matter of public concern; (3) [his] interest in commenting on matters of public concern outweighs the employer's interest in promoting efficiency; and (4) [his] speech motivated the employer's adverse employment action."). The court, however, is persuaded that plaintiff has presented sufficient evidence to create a triable issue on this claim.

In his immunity defense motion, defendant contends he is immune from plaintiff's state law claims pursuant to the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. § 11-46-1, et seq. In a related vein, he argues in his summary judgment motion

2

that plaintiff's state law claims are due to be dismissed because under the MTCA, defendant may not be held personally liable for acts or omissions occurring within the course and scope of his employment.  See Miss. Code Ann. § 11-46-7(2).  In response to both motions, plaintiff contends that because he has alleged that defendant's actions constituted malice, his claims are not covered by the MTCA.  See Miss. Code Ann. § 11-46-7(2) (stating that "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense").  The court agrees and concludes that this is not a basis for dismissal of plaintiff's malicious interference with employment claim.

Defendant next argues that plaintiff cannot succeed on his remaining state law claim for malicious interference with employment because he cannot show that defendant intentionally induced a third party to breach its employment contract with plaintiff.  See Grice v. FedEx Ground Pkg. Sys., Inc., 925 So. 2d 907, 910 (Miss. Ct. App. 2006) ("'[This] tort only arises if there is interference with the contract between plaintiff and some third party.'") (quoting Nichols v. Tri-State Brick and Tile Co., Inc., 608 So. 2d 324, 328 (Miss. 1992)).  In other words, "[a] party to a contract cannot be charged with interfering with his own contract."  Snapp v. Ruan Transport Corp., 2006 WL 2455922, 15

3

(N.D. Miss. 2006) (citing Cenac v. Murray, 609 So. 2d 1257, 1269 (Miss. 1992)).  Here, however, plaintiff's contract was not with defendant, but with the Lauderdale County School District.[1]

The Mississippi Supreme Court has held that "one occupying a position of responsibility on behalf of another is privileged, within the scope of that responsibility and absent bad faith, to interfere with his principal's contractual relationship with a third person." Morrison v. Mississippi Enterprise For Technology, Inc., 798 So. 2d 567, 574 (Miss. Ct. App. 2001) (quoting Shaw v. Burchfield, 481 So. 2d 247, 255 (Miss. 1985)).  Thus, as a person occupying a position of responsibility as to plaintiff's employment, defendant's actions were privileged unless they were taken in bad faith.  Id. (citing Shaw, 481 So. 2d at 255).  In the court's opinion, the record does not support a conclusion as a matter of law that defendant's actions were not taken in bad faith.  In other words, the court concludes that plaintiff has presented sufficient evidence, including circumstantial evidence, to create a genuine issues of material fact as to whether defendant acted in bad faith in causing plaintiff's termination.

---

[1] As superintendent of the School District, defendant had authority and responsibilities with respect to the employment of personnel, which includes initial authority to suspend or discharge certified employees.  However, the ultimate authority for termination decisions rested with the School Board, see Yarbrough v. Camphor, 645 So. 2d 867, 870 (1994) ("the ultimate power to terminate an employee lies with the school board"), and plaintiff's employer was the District, not the defendant.

4

Defendant finally argues that as a result of plaintiff's having failed to request a hearing on his termination before the Lauderdale County School Board, as provided for by the Mississippi School Employee Procedures Act, Miss. Code Ann. § 37-9-109, this court lacks jurisdiction to consider his claims. In his response to the motion, plaintiff appears to agree that his failure to pursue review by the School Board would bar his claim for reinstatement, see <u>Bd. of Trustees of State Inst. of Higher Learning v. Brewer</u>, 732 So. 2d 934, 936 (Miss. 1999), but not his claim for damages. Defendant has offered no authority for his assertion that this court is foreclosed from considering plaintiff's claim for damages as a result of his failure to seek administrative review of defendant's non-renewal decision and the court is otherwise aware of none.[2]

Based on the foregoing, it is ordered that defendant's immunity motion is denied, and defendant's motion for summary judgment is denied, except as to plaintiff's claim for defamation.

SO ORDERED this <u>8th</u> day of March, 2007.

<u>/s Tom S. Lee</u><br>UNITED STATES DISTRICT JUDGE

---

[2] The court interprets plaintiff's response as an indication that he does not intend to pursue a claim for reinstatement. If the court is mistaken, then particularly as the remedy of reinstatement is an equitable remedy, consideration may be given at a later time to the question whether he may pursue such a remedy.